# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS SZELTNER,** | : | CIVIL ACTION NO. 1:23-CV-1369 |
| | : | |
| **Plaintiff** | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **THE HERSHEY COMPANY,** | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 31st day of March, 2025, it having been reported to the court that this matter has settled, it is hereby ORDERED that the Clerk of Court is directed to mark this matter CLOSED for statistical purposes only, and the parties shall, as soon as practicable, submit an appropriate dismissal filing in accordance with Federal Rule of Civil Procedure 41(a).[1]

/S/ Keli M. Neary
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

---

[1] Rule 41 contemplates three methods of dismissal. Before an answer or summary judgment motion has been filed, an action can be dismissed by a notice of dismissal signed by the plaintiff alone. See Fed. R. Civ. P. 41(a)(1)(A)(i). After an answer or motion for summary judgment has been filed, the parties can dismiss a case by filing a stipulation of dismissal signed by all parties to have appeared. See Fed. R. Civ. P. 41(a)(1)(A)(ii). Either of these filings operates to close the case and end the court's jurisdiction without further court action; as such, no proposed order or signature line for judicial approval is required. For any dismissal that is conditional or otherwise requires court approval, including, for example, a request that the court retain jurisdiction for a specific period of time for enforcement of the settlement, the plaintiff shall submit a motion to dismiss setting forth the requested terms for dismissal, accompanied by a proposed order. See Fed. R. Civ. P. 41(a)(2).